UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CLAUDIA JAUREGUI RODRIGUEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action: 3:21-cv-1298 |
| EQUIFAX INFORMATION SERVICES LLC, and NATIONSTAR MORTGAGE LLC, | § § § § § | With Jury Demand Endorsed |
| Defendants. | § § | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Plaintiff, Claudia Jauregui Rodriguez ("Plaintiff"), by and through counsel, for her Complaint against Defendants, Equifax Information Services LLC and Nationstar Mortgage LLC, jointly, severally, and in solido, states as follows:

## I. INTRODUCTION

1. Equifax Information Services LLC is a consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f), and Defendant, Nationstar Mortgage LLC is a furnisher of consumer information. Both Defendants have violated 15 U.S.C. § 1681 *et seq.*, known as the Fair Credit Reporting Act (the "FCRA"). Plaintiff seeks to recover from Defendants actual, statutory, and punitive damages, injunctive relief, legal fees, and expenses.

## II.  PARTIES

2. Plaintiff, Claudia Jauregui Rodriguez, is a natural person residing in Stanislaus County, California, is a "consumer," as defined by the FCRA, 15 U.S.C. § 1681a(c), and is a victim of repeated false credit reporting.

**Made Defendants herein are**:

3. Upon information and belief, Defendant Equifax Information Services LLC, which may also hereinafter be referred to as "Equifax," "Defendant," "Defendants," "CRA," "CRA Defendant," or "CRA Defendants" is a Georgia limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its headquarters, 1550 Peachtree Street, Northwest, Atlanta, Georgia 30309.  Equifax is a nationwide consumer reporting agency ("CRA") as defined by 15 U.S.C. § 1681a(f). Equifax regularly engages in the business of assembling, evaluating, and disbursing information concerning consumers for the purposes of furnishing "consumer reports" as defined by 15 U.S.C. § 1681a(f) to third parties. Equifax disburses such consumer reports to third parties of contract for monetary compensation.

4. Upon information and belief, Defendant Nationstar Mortgage LLC or Mr. Cooper, which may also hereinafter be referred to as "Nationstar," "Defendant," "Defendants," "Furnisher Defendant," or "Furnisher Defendants," is a Delaware limited liability company that does substantial business in this judicial district and may be served by delivering a summons to its Legal Department at its headquarters, 8950 Cypress Waters Blvd., Coppell, Texas 75019. Nationstar is a "person," as defined by the FCRA, 15 U.S.C. § 1681a(b), and a furnisher of consumer credit information to consumer reporting agencies.

5.      As used herein, "consumer reporting agency," or "CRA," means any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports (commonly referred to as "credit reports") to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports and is an entity in the business of collecting, maintaining and disseminating information regarding the credit-worthiness of individuals. CRAs specifically include, but are not limited to, Equifax, Experian, TransUnion, and Innovis.

### III. JURISDICTION AND VENUE

6.      Plaintiff respectfully asserts that this Honorable Court has jurisdiction in this case arises under federal law. 28 U.S.C. § 1331, 1334, and 1367 and 15 U.S.C. § 1681(p).

7.      Venue is proper in this District, because Equifax and Nationstar transact business in this District. Nationstar's headquarters is located in this judicial district, a substantial part of the conduct complained of occurred in this district, and various actions made basis of Plaintiff's claims against Defendants occurred in the Northern District of Texas as further described. 28 U.S.C. § 1391.

8.     Venue is further proper in this District, because Equifax entered into agreements with Nationstar in this judicial district to receive credit reporting data concerning Plaintiff. Any and all requests to investigate Plaintiff's dispute sent from Equifax as part of its reinvestigation was submitted to Nationstar's headquarters and investigated by the furnisher Nationstar using Nationstar's resources located at or closely connected to this judicial district. Nationstar managed Plaintiff's mortgage from

this judicial district including communicating amounts owed and conducting numerous communications via phone and letter.

### IV. FACTUAL ALLEGATIONS

9. Plaintiff filed for Chapter 13 Bankruptcy in August of 2009. A copy of Plaintiff's bankruptcy petition is attached hereto and incorporated by reference as Exhibit "A."

10. In July of 2013, Nationstar acquired Plaintiff's mortgage loan for her property located at 130 Las Flores Avenue, Modesto, California, Stanislaus County, California 95354 and assigned loan number xxxxx3300.

11. The Bankruptcy was discharged on May 26, 2015. A redacted copy of the bankruptcy discharge is attached hereto as Exhibit "B" and incorporated by reference.

12. On December 11, 2020, Plaintiff accessed her Equifax credit report and noticed it was reporting incorrectly.

13. Within the Equifax credit report, Plaintiff noticed that it incorrectly reported a last payment date of October 1, 2016, a past due amount of $10,628, a payment status of "Late 120 Days, and a balance owed of $145,004.

14. A redacted copy of Plaintiff's Equifax Credit Report is attached hereto as Exhibit "C" and incorporated in by reference.

15. On or about February 16, 2021, Plaintiff sent a direct dispute to Equifax and requested that Equifax investigate the reporting of the Nationstar mortgage account. Plaintiff requested that under the FCRA, Equifax conduct a reasonable investigation and remedy the inaccuracies on Plaintiff's credit reports concerning the Nationstar mortgage account. Plaintiff

attached payment history showing the latest payments applied to the account, and that the last reporting dates and balance were incorrect.

16. A redacted copy of Plaintiff's unsigned dispute letter to Equifax that included relevant documentation is attached hereto as Exhibit "D."

17. Equifax responded to Plaintiff's dispute on March 25, 2021. The response stated, "We have researched this credit account. Account # - 61029* The results are: THIS ITEM HAS BEEN DELETED FROM THE CREDIT FILE. If you have additional questions about this item please contact:"

18. A redacted copy of Equifax's response is attached hereto as Exhibit "E" and incorporated herein by reference.

19. Equifax response deleted the tradeline rather than update Plaintiff's payment history to reflect the on-time payments that she made to the account. Notably, the response stated that they researched the account and did not provide Plaintiff with anyone to contact. (See Exhibit E at Pg. 5)

20. Equifax offered no explanation for why the account was deleted.

21. Equifax's response was not the result of a reasonable investigation into Plaintiff's dispute and failed to remedy the inaccuracies within the Nationstar tradeline and gave no explanation as to why the Nationstar tradeline was deleted.

22. Equifax chose to "verify" false information from an unreliable source and failed to correct the inaccurate information.

23. Upon the Plaintiff's request to Equifax for verification and addition regarding the Nationstar mortgage account, and in accordance with Equifax's standard procedures, Equifax did

not evaluate or consider any of Plaintiff's information, claims or evidence and did not make any attempt to substantially or reasonably verify the Nationstar tradeline.

24.     In the alternative, Equifax failed to contact Nationstar, therefore, failed to perform any investigation at all.

25.     In the alternative to the allegation that Equifax failed to contact Nationstar, it is alleged that Equifax did forward notice of the dispute to Nationstar, and Nationstar failed to conduct a lawful investigation.

## V.  GROUNDS FOR RELIEF

### COUNT I – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. § 1681e(b))

26.     The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

27.     Equifax violated 15 U.S.C. § 168le(b) by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it published and maintained concerning the Plaintiff.

28.     The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible **accuracy** of the information concerning the individual about whom the report relates." 15 U.S.C. § 168le(b) (emphasis added).

29.     Equifax knew or should have known Plaintiff's payment history, last activity date, and balance were inaccurate, but Equifax continued to prepare an incomplete, misleading, and false consumer report concerning Plaintiff.

30.     Despite actual and implied knowledge that Plaintiff's credit report was and is not

accurate, Equifax readily provided incomplete, misleading, and false consumer reports to one or more third parties, thereby misrepresenting Plaintiff, and ultimately Plaintiff's creditworthiness.

31. After Equifax knew or should have known Plaintiff's account status and payment history were inaccurate, it failed to make the corrections and simply deleted the entire tradeline even though Plaintiff did not request for the Nationstar mortgage tradeline be deleted.

32. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

33. Equifax's conduct, action, and inaction, were willful, rendering it liable to Plaintiff for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 168ln. In the alternative, such conduct, action, and inaction, were negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

### COUNT II – EQUIFAX'S VIOLATION OF THE FCRA
### (15 U.S.C. §1681i)

35. The Plaintiff realleges and incorporates all paragraphs above as if fully set out herein.

36. Equifax violated 1681i by failing to update inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies, failing to conduct a lawful reinvestigation, failing to forward all relevant information to furnisher(s), failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file, and relying upon verification from a source it has reason to know is unreliable.

37. As a result of Equifax's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in attempts to refinance, loss in ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

38. Equifax's conduct, action, and inaction, were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, such conduct, action, and inaction were negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

39. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## COUNT III – NATIONSTAR'S VIOLATION OF THE FCRA
## (15 U.S.C. §1681s-2(b))

40. Defendant Nationstar violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's dispute(s) from one or more consumer reporting agencies, and/or failing to appropriately report the results of their investigations, and/or failing to appropriately modify the information.

41. Nationstar further violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the Nationstar representation, failing to accurately respond to the CRA Defendants, failing to correctly report results of an accurate investigation to every other consumer reporting agency, and failing to permanently and lawfully correct its own internal records to prevent the continued unlawful suppression of, or the reporting of the incomplete, misleading,

and false Nationstar representations to the consumer reporting agencies.

42. As a result of Nationstar's conduct, action, and inaction, the Plaintiff suffered damages, including, but not limited to, denial in her attempt to refinance, loss in her ability to finance goods, loss of credit, loss of the ability to purchase and benefit from a credit, and suffering the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

43. Nationstar's conduct, action, and inaction, were willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

## VI. VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

44. Plaintiff will be able to show, after reasonable discovery, that all actions at issue were taken by employees, agents, servants, or representatives, of any type, for Defendants, the principals, within the line and scope of such individuals' (or entities') express or implied authority, through employment, agency, or representation, which imputes liability to Defendants for all such actions under the doctrine of *respondeat superior* and/or vicarious liability.

## VII. DAMAGES

45. Plaintiff respectfully requests that this Honorable Court instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against the Defendants under the provisions of the FCRA and/or states' laws, including Texas.

46. Plaintiff respectfully requests that this Honorable Court award Plaintiff her litigation expenses and other costs of litigation and reasonable attorney's fees incurred in this litigation, in accordance with the provisions of the FCRA and/or other laws.

47. The above and foregoing actions, inactions, and fault of Defendants, as to each and every claim, have proximately caused a wide variety of damages to Plaintiff.

48. Defendants performed perfunctory and essentially useless reinvestigations resulting in the verification of false reportings about the Plaintiff and have been a substantial factor in causing credit denials and other damages.

49. Plaintiff suffered a variety of damages, including economic and non-economic damages as prayed for herein.

50. Defendants have negligently and/or willfully violated various provisions of the FCRA and are thereby liable unto Plaintiff.

51. Defendants are liable unto Plaintiff for all actual, statutory, exemplary and punitive damages awarded in this case, as well as other demands and claims asserted herein including, but not limited to, out-of-pocket expenses, denial in her attempt to refinance her mortgage, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, attorney's fees, and court costs, and other assessments proper by law and any and all other applicable federal and state laws, together with legal interest thereon from date of judicial demand until paid.

**WHEREFORE PREMESIS CONSIDERED**, Plaintiff Claudia Jauregui-Rodriguez prays that this

Honorable Court:

      A.    Enter Judgment in favor of Plaintiff and against Defendants Equifax Information Services LLC and Nationstar Mortgage LLC, jointly, severally, and in solido, for all reasonable damages sustained by Plaintiff, including, but not limited to, actual damages, compensatory damages, out-of-pocket expenses, credit denials, costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, and fear of personal and financial safety and security for Defendants' violations of the FCRA, applicable state law, and common law;

      B.    Find that the appropriate circumstances exist for an award of punitive damages to Plaintiff;

      C.    Award Plaintiff pre-judgment and post-judgment interest, as allowed by law;

      D.    Order that Equifax Information Services LLC and Nationstar Mortgage LLC, work in conjunction, cooperatively, and/or individually to reinvestigate and correct the consumer report(s), credit report(s), data emanations, consumer histories, and credit histories of and concerning Plaintiff and/or any of Plaintiff's personal identifiers.

      E.    Grant such other and further relief, in law or equity, to which Plaintiff might show she is justly entitled.

Date Filed: 06/07/2021

                              Respectfully submitted,

Case 3:21-cv-01298-S   Document 1   Filed 06/07/21   Page 12 of 12   PageID 12

/s/ Matthew P. Forsberg
Matthew P. Forsberg
TX State Bar Number 24082581
FCRA-TX@fieldslaw.com
FIELDS LAW FIRM
9999 Wayzata Blvd.
Minnetonka, Minnesota 55305
(612) 383-1868 (telephone)
(612) 370-4256 (fax)

**LAW OFFICE OF JONATHAN A. HEEPS**

/s/ Jonathan A. Heeps            .
Jonathan A. Heeps
State Bar No. 24074387
LAW OFFICE OF JONATHAN A. HEEPS
Post Office Box 174372
Arlington, Texas 76003
Telephone (682) 738-6415
Fax (844) 738-6416
jaheeps@heepslaw.com


COUNSEL FOR PLAINTIFF


## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

06/07/2021                                          /s/ Matthew P. Forsberg
Date                                                Matthew P. Forsberg

Page 12 of 12